**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MONARCH LANDSCAPE HOLDINGS, LLC, a California limited liability company,<br><br>     Plaintiff,<br><br>v.<br><br>PAUL KAPSCH, an individual; Does 1 through 50 inclusive,<br><br>     Defendant. | Case No.: 3:21-cv-00371-BEN-BLM<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO REMAND AS MOOT and**<br><br>**(2) DISMISSING CASE**<br><br>**[ECF Nos. 8, 14, 16, 23]** |

## I.  INTRODUCTION

Plaintiff MONARCH LANDSCAPE HOLDINGS, LLC, a California limited liability company ("Plaintiff") brings this action for, *inter alia*, breach of a confidentiality agreement against Defendant PAUL KAPSCH, an individual ("Defendant"). ECF No. 1.

Before the Court are (1) Plaintiff's Motion to Remand the Case, ECF No. 8, and (2) both parties' Stipulation for Dismissal, ECF No. 23. The motions were submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure. ECF No. 17. After considering the papers submitted, supporting documentation, and applicable law, the Court (1) **DENIES** Plaintiff's Motion to Remand as moot and (2) dismisses this case *with prejudice*.

## II. BACKGROUND

### A. Statement of Facts

Plaintiff provides commercial and residential landscaping services throughout California. ECF No. 1-2 at 6,[1] ¶ 8. Plaintiff alleges that it employed Defendant as a Business Development Manager at its San Diego, California branch between February 12, 2018, until his resignation on August 24, 2020. *Id.* at 7, ¶ 14. Plaintiff further alleges that following Defendant's resignation, he went to work and is currently employed by a competitor landscaping service, where he disclosed Plaintiff's trade secrets and proprietary information to his new employer. *Id.* at 8, ¶ 18-

### B. Procedural History

On February 19, 2021, Plaintiff filed suit against Defendant in the San Diego Superior Court, alleging five causes of action for (1) breach of contract; (2) intentional interference with prospective economic advantage; (3) trade secret misappropriation in violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq.* (the "DTSA"); (4) trade secret misappropriation, Cal. Civ. Code § 3426, *et seq.*; and (4) unfair competition, Cal. Bus. & Prof. Code § 17200, *et seq.* ECF No. 1-2 at 4; *see also* ECF No. 1 at 2, ¶ 2.

On March 3, 2021, Defendant removed this case to the Southern District of California on the basis that the case alleged violations of a federal law (the DTSA), ECF No. 1 at 3, ¶ 6, and filed an answer to Plaintiff's complaint, ECF No. 2.

On March 24, 2021, Plaintiff filed a First Amended Complaint (the "FAC"). ECF No. 6. On April 1, 2021, Plaintiff also filed a Motion to Remand the Case to State Court. ECF No. 8. On April 9, 2021, Defendant filed an Answer to Plaintiff's FAC. ECF No. 13. On April 26, 2021, Defendant also opposed Plaintiff's Motion to Remand. ECF No. 14. On May 3, 2021, Plaintiff replied. ECF No. 16.

On June 3, 2021, the parties appeared before Magistrate Judge Barbara Major for a Case Management Conference at which time the case settled. ECF Nos. 21, 22. On

---

[1] Unless otherwise indicated, all page number references are to the ECF-generated page number contained in the header of each ECF-filed document.

July 6, 2021, the parties filed a Joint Stipulation for Dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure ("Rule 41"), stipulating that the case should be dismissed *with prejudice*, with each party to bear that party's own attorney's fees and costs. ECF No. 23.

## III. LEGAL STANDARD

If a plaintiff wants to dismiss a case without a court order, the plaintiff may do so pursuant to Rule 41(a)(1), "by filing" either (1) "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or (2) "a stipulation of dismissal signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1). Where a plaintiff does not proceed by filing a notice or stipulation of dismissal, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2).

## IV. ORDER

In this case, the parties filed a Stipulation for Dismissal. Thus, the Court construes the parties as seeking dismissal pursuant to Rule 41(a)(1), which does not require a court order for dismissal of a case. In light of the settlement of this case and Stipulation for Dismissal, the Court orders as follows:

1. Plaintiff's claims against Defendant are dismissed in their entirety as to all claims for relief *with prejudice* pursuant to Rule 41(a)(1)(ii).

2. In light of the dismissal, Plaintiff's Motion to Remand is **DENIED** as moot. *See, e.g.*, *Tur v. YouTube, Inc.*, 562 F.3d 1212, 1214 (9th Cir. 2009) ("[A]n issue is moot when deciding it would have no effect within the confines of the case itself.").

3. Each party is to bear that party's own costs, fees, and expenses.

4. *The Clerk of the Court is directed to close this case.*

**IT IS SO ORDERED.**

DATED: July 30, 2021

*[signature]*

**HON. ROGER T. BENITEZ**
United States District Judge